# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2012 MAR 19  AM 10: 19
GREGORY C. LANGHAM
CLERK

BY _____ DEP. CLK

Civil Action No.  '12 - CV - 0 0 6 8 4

BRIAN DEMAESTRI,

      Plaintiff,

-v-

MACHOL & JOHANNES, LLC. and
JACQUES A. MACHOL III, Esq. # 8382,

      Defendant's.

---

## VERIFIED COMPLAINT AND JURY DEMAND

      Brian DeMaestri (hereinafter "Plaintiff"), hereby sues Machol & Johannes, LLC and Jacques A. Machol III, Esq. # 8382, (collectively hereinafter "Defendant's") and alleges:

### NATURE OF ACTION

      1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, (hereinafter "FCRA"), which prohibits a person from using or obtaining a consumer report without a permissible purpose.

      2.   This is also an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (hereinafter "FDCPA"), which prohibits abusive, deceptive, and unfair debt collection practices by a debt collector.

      3.   Plaintiff alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 1 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

## JURISDICTION & VENUE

4.   Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k and 28 U.S.C. §1331.

5.   Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant's conduct affairs and transact business in this District, a significant portion of the unlawful acts giving rise to this complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the Court.

6.   Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

7.   Plaintiff is a natural person.

8.   Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

9.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

10.   Defendant Machol & Johannes, LLC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

11.   The principal purpose of Machol & Johannes, LLC's business is the collection of debts.

12.   Defendant Machol & Johannes, LLC regularly uses interstate commerce, the mails and consumer credit reports for the collection of debts.

13.   Defendant Machol & Johannes, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone, mail and consumer credit reports.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 2 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

14. Defendant Machol & Johannes, LLC is a "person" as defined by the FCRA, 15 U.S.C. §1681a(b); and a "user" of information, and a "user" of a consumer report as generally used throughout FCRA, 15 U.S.C. §1681.

15. Defendant Machol & Johannes, LLC obtained and or used Plaintiff's consumer reports from Experian with the intent to collect a debt.

16. Defendant Machol & Johannes, LLC was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

17. Defendant Machol & Johannes, LLC, communicated with the Plaintiff via Plaintiff's email address with the intent to collect a debt.

18. The alleged debt Defendant Machol & Johannes, LLC was attempting to collect was an alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

19. Defendant Jacques A. Machol III, Esq., is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

20. Defendant Jacques A. Machol III, Esq., is a "person" as defined by the FCRA, 15 U.S.C. §1681a(b); and a "user" of information, and a "user" of a consumer report as generally used throughout the FCRA, 15 U.S.C. §1681.

21. The principal purpose of Jacques A. Machol III, Esq.'s business is the collection of debts.

22. Defendant Jacques A. Machol III, Esq., uses interstate commerce, the mails and consumer credit reports for the collection of debts.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

Page 3 of 22

23.   Defendant Jacques A. Machol III, Esq., regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone, mail and consumer credit reports.

24.   Defendant Jacques A. Machol III, Esq., obtained and / or used Plaintiff's consumer reports with the intent to collect a debt.

25.   Defendant Jacques A. Machol III, Esq. was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

26.   Defendant Jacques A. Machol III, Esq., communicated with the Plaintiff via Plaintiff's email address with the intent to collect a debt.

27.   The alleged debt Defendant Jacques A. Machol III, Esq. was attempting to collect was an alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

28.   All charges Defendant's alleged that Plaintiff owed were for personal purposes.

## PARTIES

29.   Now, and at all relevant times, Plaintiff was a resident of the State of Colorado residing within the territorial jurisdiction area of the United States District Court for the District of Colorado.

30.   Defendant Machol & Johannes, LLC is a limited liability company engaged in the business of collecting debts within the State of Colorado; which debts were originally owed to another.

31.   Defendant Machol & Johannes, LLC is doing business as a "debt collector" in the District of Colorado of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

32.   Defendant Machol & Johannes, LLC may be served through Machol & Johannes, LLC's registered agent in the state of Colorado Jacques A. Machol III, 717 17th St. Suite 2300 Denver, CO 80202.

33.   The principle purpose of Defendant Machol & Johannes, LLC's business activities within the jurisdiction of this Court is the collection of debts originally owed another using the mail, consumer credit reports and telephone.

34.   The Defendant Jacques A. Machol III, Esq. # 8382, is an attorney licensed to practice in the State of Colorado, engaged in the business of collecting debts within the State of Colorado which were originally owed to another.

35.   The Defendant Jacques A. Machol III, Esq. # 8382, is doing business as a "debt collector" in the District of Colorado of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

36.   The principle purpose of Defendant Jacques A. Machol III, Esq. # 8382 business activities within the jurisdiction of this Court is the collection of debts originally owed another using the mail, consumer credit reports and telephone.

37.   Defendant Jacques A. Machol III, Esq. # 8382 is an employee and / or principal of the Defendant Machol & Johannes, LLC holding the title of "Managing Attorney" for the Defendant Machol & Johannes, LLC.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 5 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

38. All acts done by Defendant Jacques A. Machol III, Esq. # 8382 were done on behalf of Defendant Jacques A. Machol III, Esq. # 8382 and on behalf of Defendant Machol & Johannes, LLC.

39. All acts done by Defendant Machol & Johannes, LLC were done on behalf of Defendant Machol & Johannes, LLC, and on behalf of Defendant Jacques A. Machol III, Esq. # 8382.

## FACTS

### The Fair Credit Reporting Act

40. Prior to the filing of this instant action Defendant's initiated an "inquiry" of Plaintiff's "consumer report" from "Experian" on three (3) occasions dating, May 21, 2010, December 10, 2010, and on a third (3) occasion wherein the date is unlisted.

41. An "inquiry" is described in the Experian consumer report referenced above in paragraph # 40, as "the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection."

42. Upon information and belief, Defendant's issued to "Experian", a "consumer reporting agency", a general or specific certification regarding Defendant's inquiries with "Experian", to furnish Plaintiff's consumer reports of May 21, 2010, December 10, 2010, and on a third (3) occasion wherein the date is unlisted.

43. The purpose of said certification, is to certify to the "consumer reporting agency" Defendant's purpose for which information is being sought and will be used, as a requirement of compliance with FCRA, 15 U.S.C. §§1681b(f) and 1681e.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 6 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

44. A "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d), is a communication of information furnished by a consumer reporting agency to a person that intends to use the information as described by the FCRA at 15 U.S.C. §1681b(a).

45. "Experian" is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

46. The purpose of the inquiries, stated in paragraph # 40 above, was to attempt to collect on an alleged debt on an alleged account of Plaintiff.

47. Plaintiff discovered Defendant's inquiries after receiving and reviewing Plaintiff's Experian consumer report dated 04/28/2011.

48. Plaintiff has never had any business dealings, contracts or agreements with, made application for credit from, made application for employment with, applied for credit or insurance from, or received a bona-fide offer of credit or insurance from Defendant's.

49. Plaintiff has never had an "account" with Defendant's as that term is defined by the FCRA, 15 U.S.C. §1681a(r)(4) and 15 U.S.C. §1693a(2).

50. Plaintiff has never been involved in a "credit transaction" with Defendant's as that term is generally used throughout FCRA, 15 U.S.C. §1681.

51. Defendant's have never extended Plaintiff "credit" nor are Defendant's a valid "creditor" of Plaintiff as those terms are defined by FCRA, 15 U.S.C. §1681a(r)(5) and 15 U.S.C. §1691(d), and (e).

52. Prior to the filing of this instant action Plaintiff sent Defendant's an initial "Notice of Intent to Sue" letter, dated October 20, 2011 (hereinafter "initial notice"),

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 7 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

notifying Defendant's that Plaintiff intended to sue for obtaining and / or using Plaintiff's consumer reports without a permissible purpose.

53. On October 21, 2011, the Defendant's received Plaintiff's initial notice.

54. Plaintiff's initial notice, instructed Defendant's to respond to Plaintiff via Plaintiff's email address within 10 days of Defendant's receipt of Plaintiff's notice in order to avoid litigation.

55. Defendant's responded to Plaintiff on October 29, 2011 via Plaintiff's email address with "Letter of October 20, 2011" written in the subject line of the email (hereinafter "response email").

56. Defendant's response email to Plaintiff stated in part:

> "We would like to point out to you that 15 U.S.C.A. section 1681b
>
> (a)(3)(A) states that a permissible purpose of a consumer report is
>
> for collection of an account. Because we have a permissible
>
> purpose to access your credit report, no violation occurred and
>
> commencement of an action by you would be without basis."

57. Plaintiff replied to Defendant's response email via a reply-email (hereinafter "reply-email") and explained in part:

> "Section 1681a(r)(4) of the FCRA defines the term "account"
>
> as follows: the terms "account" and "electronic fund transfer" have the
>
> same meanings as in section 903 of the Electronic Fund Transfer Act.
>
> Section 903. Definitions of the Electronic Fund Transfer Act defines the
>
> term "account" as follows: the term "account" means a demand deposit,
>
> savings deposit, or other asset account."

58. Plaintiff's reply email to Defendant's additionally stated in part that:

"By your own admission you claim to have obtained my consumer reports to collect an alleged "judgment", however the statute clearly tells you that collection of a debt or judgment is not a permissible purpose."

59. Plaintiff patiently waited several months for the Defendant's to respond back with documentation showing that Defendant's have a legitimate right, title or interest in a demand deposit, savings deposit, or other asset account of Plaintiff and the Defendant's failed to do so.

60. On March 2, 2012, in an ultimate attempt to resolve the matter amicably and without litigation prior to the filing of this instant action, Plaintiff sent Defendant's an "Ultimate Notice of Pending Lawsuit" letter (hereinafter "ultimate notice").

61. On March 3, 2012, Defendant's received Plaintiff's ultimate notice.

62. The ultimate notice Plaintiff sent Defendant's informed Defendant's that after patiently awaiting a response and getting nothing back, Plaintiff was making one final and absolutely ultimate attempt to settle the matter.

63. The ultimate notice Plaintiff sent Defendant's demanded Defendant's produce Plaintiff with the following documentation within 15 days of Defendant's receipt of the ultimate notice otherwise Plaintiff would file suit:

"1. Your stated permissible purpose for obtaining and/or using my consumer reports from Experian was for "review or collection of an account". The FCRA 15 U.S.C. §1681a(r)(4) and 15 U.S.C. §1693a(2) defines the term "account" as a **demand deposit, savings deposit or other asset account**. Provide me with documentation that establishes you have a valid right, title or interest in a demand deposit, savings deposit, or other asset account of Brian DeMaestri.

2. The FCRA, defines the terms "credit" and "creditor". Provide me with documentation establishing that I ever participated directly and voluntarily in a credit transaction wherein you extended me "credit" and that you are a valid "creditor" of Brian DeMaestri, as those terms are defined by the FCRA 15 U.S.C. §1681a(r)(5) and 15 U.S.C. §§1691(d), 1691(e).

3. Provide me with documentation and/or some type of authority in which allows for you to use my email address in an attempt to collect an alleged judgment debt, after I had given you specific instructions that my personal email address was only to be used to address this matter and for no other purpose, within 15 days of your receipt of this notice, otherwise I will file suit."

64. As of the date of this lawsuit Defendant's have failed to respond to the requests in paragraph # 63 above.

65. In order for Defendant's to have obtained and / or used Plaintiff's consumer reports, the Defendant's had to disclose to Experian, the identity of the end-user of the consumer reports and each permissible purpose for which the reports were to be furnished to the end-user of the reports in accordance with the FCRA, 15 U.S.C §1681e(e)(1)(A) and (B).

66. In order for Defendant's to have obtained and / or used Plaintiff's consumer reports, the Defendant's had to certify to Experian, the identity of each end user of the resold reports (or information), certify each purpose for which the consumer reports (or information) would be used; and certify that the reports (or information) would be used for no other purpose, in accordance with the FCRA, 15 U.S.C §1681e(e)(2)(A)(i), (ii) and (iii).

67. Upon information and belief, Defendant's disclosure of permissible purpose for certification to Experian to obtain and / or use Plaintiff's consumer reports on all three (3) occasions in this matter was, for "review or collection of an account" of the Plaintiff.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 10 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

68. The Defendant's allege "we have a permissible purpose to access your credit report" for "review or collection of an account".

69. The FCRA, 15 U.S.C. § 1681a(r)(4) defines the term "account" as follows:

"The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title."

70. Title 15 U.S.C. §1693a(2) defines the term "account" as follows:

"The term account means a **demand deposit, savings deposit, or other asset account.**" (Emphasis added)

71. Defendant's admit the type of account Defendant's were attempting to collect was a "judgment".

72. The term "judgment" is expressly excluded from the definition of the term "account" under the FCRA, 15 U.S.C. §1681a(r)(4) and 15 U.S.C. §1693a(2).

73. Plaintiff has given the Defendant's multiple opportunities to produce Plaintiff with documentation to establish that Defendant's have a right, title or interest in an "account" of Plaintiff and Defendant's have failed to do so.

74. The Defendant's and Defendant's representatives, employees and / or agents actions are in violation of the FCRA 15 U.S.C. §1681b(a)(3)(A), because the requests made to obtain and / or use Plaintiff's consumer reports were not made for one of the statutorily enumerated permissible purposes specified in the FCRA and Defendant's have failed to produce any documentation to the contrary.

75. The Defendant's and Defendant's representatives, employees and / or agents actions violate the FCRA 15 U.S.C. §1681b(a)(3)(A), by obtaining and / or using Plaintiff's consumer reports under false pretenses or knowingly without a statutorily

enumerated permissible purpose and Defendant's have failed to produce any documentation to the contrary.

76. The Defendant's and Defendant's representatives, employees and / or agents statements to Experian were made under false pretenses or knowingly without a permissible purpose and constitute making false general or specific certifications in violation of the FCRA, 15 U.S.C. §15 U.S.C. §§1681b(f) and 1681e and the Defendant's have failed to produce any documentation to the contrary.

77. At no relevant time herein has there existed the circumstances for a statutorily enumerated permissible purpose for Defendant's to inquire into Plaintiff's Experian consumer reports as defined at 15 U.S.C. §1681b.

78. Specifically, Defendant's do not have a right, title, or interest in an "account" of Plaintiff's that would qualify as an authorized permissible purpose for Defendant's to make inquiries to obtain and / or use Plaintiff's consumer reports as per 15 U.S.C. §1681b(a)(3)(A).

79. Additionally, the Defendant's have failed to provide Plaintiff with documentation showing that Plaintiff participated directly and voluntarily in a credit transaction wherein the Defendant's extended Plaintiff "credit" or that Defendant's are a valid "creditor" of Plaintiff as those terms are defined by the FCRA 15 U.S.C. §1681a(r)(5) and 15 U.S.C. §§1691(d) and 1691(e).

80. This instant action is within the limitation of actions of 2 years after the date of discovery by Plaintiff and within 5 years of the date of the violations by Defendant's pursuant to the FCRA at 15 U.S.C. §1681p(1) and (2).

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 12 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

81.   The Defendant's statements and actions as well as that of Defendant's representatives, employees and / or agents constitute willful and negligent violations of the FCRA.

82. As a direct result of Defendant's violations Plaintiff has been damaged by said actions of Defendant's in that Plaintiff has a loss of life, liberty and property for Plaintiff's time involved in the correspondence with Defendant's, the researching for, and the preparation of this lawsuit.

### The Fair Debt Collection Practices Act

83.   In Plaintiff's initial notice Plaintiff sent to Defendant's referenced in paragraph # 52 above, Plaintiff gave Defendant's specific instructions that:

> "This email address is NOT to be shared or used for any other
>
> purpose than to address the matters at hand."

84. In Defendant's response email to Plaintiff referenced in paragraph # 55 above Defendant's stated:

> "This is an attempt to collect a debt and any information obtained
>
> will be used for that purpose. MACHOL & JOHANNES, LLC is a
>
> debt collector."

85. Defendant's response email additionally stated:

> "What amount are you willing to pay, in a lump sum or in payments,
>
> to settle the referenced Judgment..."

86. Defendant's response email contained the following in the closing:

> **Jacques A. Machol III** | Managing Attorney
> Machol & Johannes, LLC

717 17th Street
Suite 2300
Denver, CO 80202-3317
**Direct: (303) 539-3162**
Main: (303) 830-0075
Mobile: (303) 229-1950
Personal Fax: (303) 265-9487
E-mail: jm@mjfirm.com

87. The Defendant's and Defendant's representatives, employees and / or agents statements and actions in the Defendant's response email, constitute the use of any false, deceptive or misleading representation or means to collect or attempt to collect any debt or to obtain information concerning a consumer and violate FDCPA 1692e preface and 1692e(10).

88. The Defendant's and Defendant's representatives, employees and / or agents statements and actions in the Defendant's response email to Plaintiff constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

89. The Defendant's and Defendant's representatives, employees and / or agents statements and actions as well as that of Defendant's representatives, employees and / or agents were willful and intentional violations of the FDCPA.

90. This instant action is within the limitation of actions of 1 year of the date of the violation by Defendant's pursuant to the FDCPA at 15 U.S.C. §1692k(d).

91. As a direct result of Defendant's violations Plaintiff has been damaged by said actions of Defendant's in that Plaintiff has a loss of life, liberty and property for Plaintiff's time involved in the correspondence with Defendant's, the researching for, and the preparation of this lawsuit.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 14 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

## **RESPONDEAT SUPERIOR**

92.   The representatives and / or collectors at the Defendant's were employees of Defendant's at all times mentioned herein.

93.   The representatives and / or collectors at the Defendant's were agents of Defendant's at all times mentioned herein.

94.   The representatives and / or collectors at the Defendant's were acting within the course of their employment at all times mentioned herein.

95.   The representatives and / or collectors at the Defendant's were acting within the scope of their employment at all times mentioned herein.

96.   The representatives and / or collectors at the Defendant's were under the direct supervision of the Defendant's at all times mentioned herein.

97.   The representatives and / or collectors at the Defendant's were under the direct control of the Defendant's at all times mentioned herein.

98.   The actions of the representatives and / or collectors at the Defendant's are imputed to their employer, the Defendant's.

99.   The Defendant's actions mentioned herein contain an intentional intrusion in Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

100.   As a direct and proximate result of the aforesaid actions, Plaintiff is entitled to statutory, actual and punitive damages.

## COUNT I
## WILLFUL FAILURE TO COMLY WITH THE FCRA

101.   Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein.

102.   Defendant's through Defendant's own acts and action of the stated inquiries, by and through Defendant's agents and employees and Defendant's policies and procedures, have willfully, failed to comply with the FCRA at 15 U.S.C. §1681n which has caused damage to Plaintiff. Defendant's violations include, but are not limited to, the following:

(a)  Defendant's willfully violated 15 U.S.C. §1681b(f) by the

inquiries to use or obtain Plaintiff's consumer reports without a

permissible purpose as defined by 15 U.S.C. §1681b.

103.   The Defendant's violations are multiple, willful and intentional.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each and every Defendant as follows: 1) declaratory judgment that Defendant's conduct violated the FCRA; 2) actual damages incurred by Plaintiff to be not less than $2,000.00 to be proven at trial; 3) statutory damages; 4) punitive damages under 15 U.S.C. §1681n, in an amount to be determined by the jury; 5) Plaintiff's costs of the action; 6) reasonable attorney's fees; and, 7) for such other and further relief as may be just and proper.

## COUNT II
## NEGLIGENT FAILURE TO COMPLY WITH THE FCRA

104.   Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein.

105. Defendant's through Defendant's own acts and action of the stated inquiries, by and through Defendant's agents and employees and Defendant's policies and procedures, have negligently failed to comply with the FCRA at 15 U.S.C. §1681o which has caused damage to Plaintiff. Defendant's violations include, but are not limited to, the following:

> (a) Defendant's negligently violated 15 U.S.C. §1681b(f) by the
>
> inquiries to use or obtain Plaintiff's consumer reports without a
>
> permissible purpose as defined by 15 U.S.C. §1681b.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each and every Defendant as follows: 1) declaratory judgment that Defendant's conduct violated the FCRA; 2) actual damages incurred by Plaintiff to be not less than $2,000.00 to be proven at trial; 3) statutory damages; 4) Plaintiff's costs of the action; 4) reasonable attorney's fees; and, 5) for such other and further relief as may be just and proper.

### COUNT III
### WILLFUL FAILURE TO COMPLY WITH THE FCRA

106. Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein.

107. Defendant's through Defendant's own acts and action of the stated inquiries, by and through Defendant's agents and employees and Defendant's policies and procedures, have willfully, failed to comply with the FCRA at 15 U.S.C. §1681n which has caused damage to Plaintiff. Defendant's violations include, but are not limited to, the following:

> (a) Defendant's willfully violated 15 U.S.C. §§1681b(f) and 1681e

DeMaestri v. Machol & Johannes, LLC            Brian DeMaestri
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy   9901 E. Evans Ave. 23D
Trial by Jury Demand                  Denver, CO 80247
Page 17 of 22

by providing Experian consumer reporting agency with false

certifications or no certifications as to Defendant's purpose, in order

to obtain or use Plaintiff's consumer reports; as Defendant's did not

obtain or use Plaintiff's consumer report for any purpose as defined

by 15 U.S.C. §1681b.

108.  The Defendant's violations are multiple, willful and intentional.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each

and every Defendant as follows: 1) declaratory judgment that Defendant's conduct

violated the FCRA; 2) actual damages incurred by Plaintiff to be not less than $2,000.00

to be proven at trial; 3) statutory damages; 4) punitive damages under 15 U.S.C. §1681n,

in an amount to be determined by the jury; 5) Plaintiff's costs of the action; 6) reasonable

attorney's fees; and, 7) for such other and further relief as may be just and proper.

### COUNT IV
### NEGLIGENT FAILURE TO COMPLY WITH THE FCRA

109.   Plaintiff reincorporates by reference all of the preceding paragraphs as

though fully set forth herein.

110.  Defendant's through Defendant's own acts and action of the stated inquiries,

by and through Defendant's agents and employees and Defendant's policies and

procedures, have negligently failed to comply with the FCRA at 15 U.S.C. §1681o which

has caused damage to Plaintiff. Defendant's violations include, but are not limited to, the

following:

(a)  Defendant's negligently violated 15 U.S.C. §§1681b(f) and

1681e by providing Experian consumer reporting agency with

false certifications or no certifications as to Defendant's purpose, in

order to obtain or use Plaintiff's consumer reports; as Defendant's did

not obtain or use Plaintiff's consumer report for any purpose as

defined by 15 U.S.C. §1681b.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each and every Defendant as follows: 1) declaratory judgment that Defendant's conduct violated the FCRA; 2) actual damages incurred by Plaintiff to be not less than $2,000.00 to be proven at trial; 3) statutory damages; 4) Plaintiff's costs of the action; 5) reasonable attorney's fees; and, 6) for such other and further relief as may be just and proper.

## COUNT V
## FAILURE TO COMPLY WITH THE FDCPA

111.   Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein.

112.   The debt collector Defendant's, through their own acts and action of the stated inquiries and use of Plaintiff's email address, by and through Defendant's agents and employees and Defendant's policies and procedures, have failed to comply with the FDCPA at 15 U.S.C. §1692 which has caused damage to Plaintiff. Defendant's violations include, but are not limited to, the following:

(a) The Defendant's used false, deceptive or misleading

representation or means to collect or attempt to collect any debt by

using Plaintiff's email address for such after being given specific

instructions the email address was only to be used to address this

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
                                    Page 19 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

matter and for no other purpose, in violation of the FDCPA 1692e preface and 1692e(10).

(b) The Defendant's used unfair or unconscionable means to collect or attempt to collect a debt by using Plaintiff's email address for such after being given specific instructions the email address was only to be used to address this matter and for no other purpose, in violation of the FDCPA 1692f preface.

(c) The Defendant's violated 15 U.S.C. §§1692e(2), and 1692e(2)(A) by the false or misleading representation of the character, amount, or legal status of any debt.

(d) The Defendant's violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

113. The Defendant's violations are multiple, willful and intentional.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each and every Defendant as follows: 1) declaratory judgment that Defendant's conduct violated the FDCPA; 2) actual damages incurred by Plaintiff to be not less than $2,000.00 to be proven at trial; 3) statutory damages; 4) Plaintiff's costs of the action; 5) reasonable attorney's fees; and, 6) for such other and further relief as may be just and proper.

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 20 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

## COUNT VI
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

114.   Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein.

115. The Defendant's actions mentioned herein contain an intentional intrusion in Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against each and every Defendant as follows: 1) actual damages incurred by Plaintiff to be not less than $3,000.00 to be proven at trial; 2) punitive damages in an amount to be determined by the jury; and, 3) for such other and further relief as may be just and proper.

### TRIAL BY JURY DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

Dated: March 19, 2012
Respectfully submitted,

Brian DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247

DeMaestri v. Machol & Johannes, LLC
Verified Complaint for Violations of FCRA, FDCPA and Invasion of Privacy
Trial by Jury Demand
Page 21 of 22

Brian DeMaestri
9901 E. Evans Ave. 23D
Denver, CO 80247

## VERIFICATION

The undersigned, for himself declares:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:___3/19/12___

:Brian-Daniel; DeMaestri: