**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-00684-WJM-MJW

BRIAN DEMAESTRI,

Plaintiff,

v.

MACHOL & JOHANNES, LLC and
JACQUES A. MACHOL, III,

Defendants,

---

**DEFENDANTS MACHOL & JOHANNES, LLC AND JACQUES A. MACHOL, III'S,**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND**
**JURY DEMAND**

---

COMES NOW Machol and Johannes, LLC, ("Defendant M&J") and Jacques A. Machol III ("Defendant Machol"), (collectively the "Defendants"), by and through their counsel of record, and for their Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand (Plaintiff's "Complaint"), states as follows:

1.    The allegations set forth in Paragraph No. 1 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent that a response is required, Defendants deny they violated the Fair Credit Reporting Act ("FCRA").

2.    The allegations set forth in Paragraph No. 2 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent that a response is required, Defendants deny they violated the Fair Debt Collection Practices Act ("FDCPA").

3.    The allegations contained in Paragraph No. 3 of Plaintiff's Complaint do not call for an affirmative response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4.     Defendants admit the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5.     Defendants admit the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.     Defendants deny the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.     The allegations contained in Paragraph No. 7 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

8.     The allegations contained in Paragraph No. 8 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

9.     The allegations contained in Paragraph No. 9 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

10.    The allegations contained in Paragraph No. 10 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

11.    Defendant M&J admits part of its business it the collection of debts.  Plaintiff fails to define "principal purpose" and as such Defendant M&J is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 11 of Plaintiff's Complaint and accordingly denies same.

12.     Defendants admit the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13.     Defendants admit the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14.     The allegations in Paragraph No. 14 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

15.     Defendants admit the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.     The allegations in Paragraph No. 16 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

17.     Defendants admit the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 11 of Plaintiff's Complaint and accordingly deny same.

19.     The allegations contained in Paragraph No. 19 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

20.     The allegations contained in Paragraph No. 20 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

21.    Defendant Machol admits part of its business it the collection of debts.  Plaintiff fails to define "principal purpose" and as such Defendant Machol is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 21 of Plaintiff's Complaint and accordingly denies same.

22.    Defendants deny the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.    Defendants deny the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24.    Defendants deny the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25.    The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

26.    Defendants deny the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 27 of Plaintiff's Complaint and accordingly deny same.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 28 of Plaintiff's Complaint and accordingly deny same.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 29 of Plaintiff's Complaint and accordingly deny same.

30.     Defendants admit the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph No. 31 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.   To the extent a response is required, Defendants deny the allegations.

32.     Plaintiff's allegations in Paragraph No. 32 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.   As such, no response from Defendants is required.   To the extent a response is required, Defendants deny the allegations.

33.     Defendant Machol admits part of its business it the collection of debts.   Plaintiff fails to define "principal purpose" and as such Defendant Machol is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 33 of Plaintiff's Complaint and accordingly denies same.

34.     Defendant Machol admits he is a licensed attorney in the State of Colorado. Defendants deny the remaining claims contained in Paragraph No. 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37.     Defendants admit the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38.    Defendants deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39.    Defendants deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40.    Defendants admit Defendant M&J reviewed Plaintiff's credit report to obtain an address in 2010.

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 41 of Plaintiff's Complaint and accordingly deny same.

42.    Defendants admit Defendant M&J reviewed Plaintiff's credit report to obtain an address in 2010.

43.    The allegations contained in Paragraph No. 43 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

44.    The allegations contained in Paragraph No. 44 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

45.    The allegations contained in Paragraph No. 45 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

46.    Defendants admit Defendant M&J reviewed Plaintiff's credit report to obtain an address in 2010.

47.   Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 47 of Plaintiff's Complaint and accordingly deny same.

48.   Defendants deny the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

49.   The allegations contained in Paragraph No. 49 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

50.   The allegations contained in Paragraph No. 50 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

51.   The allegations contained in Paragraph No. 51 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

52.   Plaintiff's allegations in Paragraph No. 52 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.  As such, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

53.   Plaintiff's allegations in Paragraph No. 53 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.  As such, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

54.   Plaintiff's allegations in Paragraph No. 54 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.  As such, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

55.   Defendants admit the allegations contained in Paragraph No. 55 of Plaintiff's Complaint.

56.   Defendants admit the allegations contained in Paragraph No. 56 of Plaintiff's Complaint.

57.   Defendants admit the allegations contained in Paragraph No. 57 of Plaintiff's Complaint.

58.   Defendants admit the allegations contained in Paragraph No. 58 of Plaintiff's Complaint.

59.   Plaintiff's allegations in Paragraph No. 59 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case. As such, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations.

60.   Plaintiff's allegations in Paragraph No. 60 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case. As such, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations.

61.   Plaintiff's allegations in Paragraph No. 61 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case. As such, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations.

62.   Plaintiff's allegations in Paragraph No. 62 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case. As such, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations.

63.   Plaintiff's allegations in Paragraph No. 63 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case. As such, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations.

64.     Plaintiff's allegations in Paragraph No. 64 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.  As such, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

65.     The allegations contained in Paragraph No. 65 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 65 of Plaintiff's Complaint and accordingly deny same.

66.     The allegations contained in Paragraph No. 66 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 66 of Plaintiff's Complaint and accordingly deny same.

67.     Defendants admit the allegations contained in Paragraph No. 67 of Plaintiff's Complaint.

68.     Defendants admit the allegations contained in Paragraph No. 68 of Plaintiff's Complaint.

69.     The allegations contained in Paragraph No. 69 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 69 of Plaintiff's Complaint and accordingly deny same.

70.    The allegations contained in Paragraph No. 70 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 70 of Plaintiff's Complaint and accordingly deny same.

71.    Defendants admit Defendant M&J obtained a judgment against Plaintiff. Defendants deny the remaining allegations contained in Paragraph No. 71 in Plaintiff's Complaint.

72.    The allegations contained in Paragraph No. 72 of Plaintiff's Complaint are legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 72 of Plaintiff's Complaint and accordingly deny same.

73.    Plaintiff's allegations in Paragraph No. 73 of Plaintiff's Complaint are irrelevant and have no material effect on the merits of the case.  As such, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations.

74.    Defendants deny the allegations contained in Paragraph No. 74 of Plaintiff's Complaint.

75.    Defendants deny the allegations contained in Paragraph No. 75 of Plaintiff's Complaint.

76.    Defendants deny the allegations contained in Paragraph No. 76 of Plaintiff's Complaint.

77.   Defendants deny the allegations contained in Paragraph No. 77 of Plaintiff's Complaint.

78.   Defendants deny the allegations contained in Paragraph No. 78 of Plaintiff's Complaint.

79.   Defendants deny the allegations contained in Paragraph No. 79 of Plaintiff's Complaint.

80.   The allegations contained in Paragraph No. 80 of Plaintiff's Complaint do not call for an affirmative response.   To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 80 of Plaintiff's Complaint.

81.   Defendants deny the allegations contained in Paragraph No. 81 of Plaintiff's Complaint.

82.   Defendants deny the allegations contained in Paragraph No. 82 of Plaintiff's Complaint.

83.   Defendants admit the words identified in Paragraph No. 83 were included in the electronic mail.  Defendants deny the remaining allegations contained in Paragraph No. 83 of Plaintiff's Complaint.

84.   Defendants admit the words identified in Paragraph No. 84 were included in the electronic mail.  Defendants deny the remaining allegations contained in Paragraph No. 84 of Plaintiff's Complaint.

85.   Defendants admit the words identified in Paragraph No. 85 were included in the electronic mail.  Defendants deny the remaining allegations contained in Paragraph No. 85 of Plaintiff's Complaint.

86.   Defendants admit the words identified in Paragraph No. 86 were included in the electronic mail.  Defendants deny the remaining allegations contained in Paragraph No. 86 of Plaintiff's Complaint.

87.   Defendants deny the allegations contained in Paragraph No. 87 of Plaintiff's Complaint.

88.   Defendants deny the allegations contained in Paragraph No. 88 of Plaintiff's Complaint.

89.   Defendants deny the allegations contained in Paragraph No. 89 of Plaintiff's Complaint.

90.   The allegations contained in Paragraph No. 90 of Plaintiff's Complaint do not call for an affirmative response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 90 of Plaintiff's Complaint.

91.   Defendants deny the allegations contained in Paragraph No. 91 of Plaintiff's Complaint.

92.   Defendants admit the allegations contained in Paragraph No. 92 of Plaintiff's Complaint.

93.   Defendants admit the allegations contained in Paragraph No. 93 of Plaintiff's Complaint.

94.   Defendants admit the allegations contained in Paragraph No. 94 of Plaintiff's Complaint.

95.   Defendants admit the allegations contained in Paragraph No. 95 of Plaintiff's Complaint.

96.    Defendants admit the allegations contained in Paragraph No. 96 of Plaintiff's Complaint.

97.    Defendants admit the allegations contained in Paragraph No. 97 of Plaintiff's Complaint.

98.    Defendants admit the allegations contained in Paragraph No. 98 of Plaintiff's Complaint.

99.    Defendants deny the allegations contained in Paragraph No. 99 of Plaintiff's Complaint.

100.  Defendants deny the allegations contained in Paragraph No. 100 of Plaintiff's Complaint.

101.  Defendant restates its responses to Paragraph Nos. 1-100 above.

102.  Defendants deny the allegations contained in Paragraph No. 102 of Plaintiff's Complaint, including all of its subparts.

103.  Defendants deny the allegations contained in Paragraph No. 103 of Plaintiff's Complaint, including its Request for Relief.

104.  Defendant restates its responses to Paragraph Nos. 1-103 above.

105.  Defendants deny the allegations contained in Paragraph No. 105 of Plaintiff's Complaint, including all of its subparts and its Request for Relief.

106.  Defendant restates its responses to Paragraph Nos. 1-105 above.

107.  Defendants deny the allegations contained in Paragraph No. 107 of Plaintiff's Complaint, including all of its subparts.

108.  Defendants deny the allegations contained in Paragraph No. 108 of Plaintiff's Complaint, including its Request for Relief.

13

109.  Defendant restates its responses to Paragraph Nos. 1-108 above.

110.  Defendants deny the allegations contained in Paragraph No. 110 of Plaintiff's Complaint, including all of its subparts and Request for Relief.

111.  Defendant restates its responses to Paragraph Nos. 1-110 above.

112.  Defendants deny the allegations contained in Paragraph No. 112 of Plaintiff's Complaint, including all of its subparts.

113.  Defendants deny the allegations contained in Paragraph No. 113 of Plaintiff's Complaint, including its Request for Relief.

114.  Defendant restates its responses to Paragraph Nos. 1-113 above.

115.  Defendants deny the allegations contained in Paragraph No. 115 of Plaintiff's Complaint, including its Request for Relief.

116.  Any allegation contained in Plaintiff's Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state any claims upon which relief may be granted.

2.    Plaintiff has not suffered any damages.

3.    To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

4.    To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

5.    Defendant is entitled to its attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927.

14

6.      Pursuant to Section 615 (c) of the Fair Credit Reporting Act, Plaintiff's claims are barred, in whole or in part, by Asset's reasonable procedures to assure compliance with the Fair Credit Reporting Act.

7.      Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

WHEREFORE, Defendants respectfully pray that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Defendants be awarded its reasonable attorneys' fees and costs incurred to date in defending this action, and for such other and further relief as this Court deems proper.

DATED this 10th day of April, 2012.

Respectfully submitted,

Adam L. Plotkin, P.C.

By:      /s/ Joseph J. Lico_____
Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 302-6864
FAX: (303) 302-6864
jlico@alp-pc.com
Attorneys for Defendant

## Certificate of Service

I hereby certify that on April 10, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., #23D
Denver, CO 80247

By:      /s/ Joseph J. Lico_____
Joseph J. Lico, Esq.