**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:12-cv-00684-WJM-MJW**

BRIAN DEMAESTRI,

Plaintiff,

v.

MACHOL & JOHANNES, LLC and
JACQUES A. MACHOL, III,

Defendants,

---

**DEFENDANTS MACHOL & JOHANNES, LLC AND JACQUES A. MACHOL, III'S, RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

---

COME NOW Machol and Johannes, LLC, ("Defendant M&J") and Jacques A. Machol III ("Defendant Machol"), (collectively the "Defendants"), by and through their counsel of record, and for their Response to Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Plaintiff's "Motion"), states as follows:

## I. INTRODUCTION

Plaintiff filed his Complaint on March 19, 2012. See, Docket Entry No. 1. Defendants filed its Answer on April 10, 2012. See, Docket Entry No. 9. Included in Defendants' Answer were seven (7) affirmative defenses. Plaintiff contacted counsel for Defendants on April 13, 2012, via electronic mail. In the email, Plaintiff stated that he objected to Defendants' affirmative defenses but failed to provide any reasoning as to why, and did

nothing other than restate factual allegations contained in his Complaint.  See, Exhibit B, attached to Plaintiff's Motion.

Plaintiff requests that the Court strike all of Defendant's defenses pursuant to Fed.R.Civ.P. 12(f).  As set for below, the Court should deny Plaintiff's Motion.  First, Plaintiff's Motion is premature as discovery is only beginning in this matter and the parties have not even attended the first Scheduling Conference, which is currently set for June 7, 2012 at 9:30 a.m.  Second, Defendants have a valid basis for their affirmative defenses, including the bona fide error defense.  Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion.

## II. ARGUMENT

### A.    Plaintiff's Motion Fails to Comply with this Court's Practice Standards

Judge Martinez has adopted specific standards for parties to follow when practicing in his Court.  See, Practice Standards.  Section III, C, 1, of Judge Martinez's Practice Standards specifically states that apart from a motion for summary judgment, Opening and Responsive Briefs shall not exceed fifteen (15) pages.  Plaintiff's Motion consists of a two (2) page Motion to Strike and a twenty-three (23) page Memorandum in Support.  See, Docket No. 11 and 11-1.

Section III, C, 2, of Judge Martinez's Practice Standards states exceptions to the page limitations will only be made in "exceptional circumstances".  In addition, a party seeking to exceed the page limitations must file the appropriate motion including sufficient detail explaining the need for additional pages.  Plaintiff did not file a motion asking the Court for permission to file additional pages.

Plaintiff is operating pro se but Plaintiff has filed multiple cases in this jurisdiction over the last year and this is the third case Plaintiff has filed that has come before Judge Martinez and Magistrate Judge Watanabe.  See, DeMaestri v. Asset Acceptance, 11-cv-01671; DeMaestri v. STA International, 12-cv-00015.  Plaintiff has been directed to this Court's website by

2

Magistrate Judge Watanabe on multiple occasions to ensure his familiarity with its practice standards and rules. Plaintiff's Motion should be stricken for failing to comply with this Court's practice standards

**B. Defendant's Affirmative Defenses Are Not Held to the Heightened Pleading Standards Identified in *Twombley* and *Iqbal***

Plaintiff argues that Defendant's affirmative defenses must be held to the standards the United States Supreme Court identified in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See, Plaintiff's Motion, pp. 5-7. Plaintiff correctly provides this Court with a synopsis of the cases; however, Plaintiff incorrectly applies the standard to Defendants.

The Tenth Circuit has not issued an opinion as to whether the standards in *Twombly* and *Iqbal* apply to defendants and the affirmative defenses listed in an answer. However, two courts in this jurisdiction have reviewed this precise argument and both courts have rejected the argument. See, Holdbrook v. SAIA Motor Freight Line, LLC, 09-cv-02870-LTB-BNB; Michaud v. Greenberg & Sada, P.C., 11-cv-01015-RPM-MEH.

Judge Babcock determined in Holdbrook that defendants and their affirmative defenses were not held to the same standards plaintiffs are with their complaints. See, Holdbrook, at p.2. "I recognize that some district courts have extended the pleading requirements of *Twombley* and *Iqbal* to affirmative defenses, but conclude that the better-reasoned approach is that taken by the other district courts that have declined to do so." Id. (citations omitted).

Magistrate Judge Hegarty agreed with Judge Babcock's determination that it is "reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses." See, Michaud, at p. 3. Magistrate

Judge Hegarty also noted that Rule 8(c) identifies the specific rules for pleading an affirmative defense "without any mention of showing an entitlement to such defense through the inclusion of factual support." Id.

The only requirement for affirmative defenses in this jurisdiction is for a "defendant to state in short and plain terms its defenses to plaintiff's claims." Id. (citing to Cagle v. The James St. Grp., 400 F. App'x 348, 355 (10th Cir. 2010))(unpublished); see also, Chavaria v. Peak Vista Cmty. Health Ctrs., 2008 U.S. Dist. LEXIS 91529 (D. Colo. Nov. 5, 2008)(requiring only a short and plain statement of the defense).

### C.  Plaintiff's Motion to Strike is Premature

Under Fed.R.Civ.P. 8, Defendant is obligated to assert all affirmative defenses with respect to Plaintiff's claims and to set forth a "short and plain statement" of each defense. See, Fed.R.Civ.P. 8. Affirmative defenses " 'may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense….' A defendant is not required under the Federal Rules to support its affirmative defenses with elaborate factual detail." Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. April 22, 2008)(quoting Federal Practice and Procedure, § 1274 at 455-56). See also, American Chiropractic Association, et. al. v. Trigon Healthcare, Inc., et. al., 2001 U.S. Dist. Lexis 16057, *4-5 (W.D. Va. October 2, 2001).

Motions to strike affirmative defenses under Fed.R.Civ.P. 12(f) "are a severe remedy, and as such are generally disfavored." In Re: Harvey Sender, 423 F. Supp. 2d 1155, 1163 (D. Colo. March 20, 2006)(citing Federal Deposit Ins. Corp. v. Isham, 782 F. Supp. 524, 530 (D. Colo. 1992)). In general, a defense should not be stricken when, "'there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" In Re Harvey, 423 F.

Supp. 2d at 1163 (quoting <u>Bobbit v. Victorian House, Inc.</u>, 532 F. Supp. 734, 736 (N.D. Ill. 1982)). A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense at issue cannot succeed under any circumstances. <u>Unger v. US West, Inc.</u>, 889 F. Supp. 419, 422 (D. Colo. 1995).

Courts also are cautioned to refrain from striking affirmative defenses prior to the completion of discovery "except in the clearest of cases." <u>Levine v. Voorhess Board of Education</u>, 2008 U.S. Dist. Lexis 11036, *5 (D.N.J. February 13, 2008)(opinion attached hereto). <u>See also</u>, <u>CSU Holdings, Inc. v. Xerox Corporation</u>, 1996 U.S. Dist. Lexis 6115, 7-8 (D. Kan. April 5, 1995)(deny motion to strike statute of limitations defense as premature); <u>Alternative Thinking Systems, Inc. v. Simon & Schuster, Inc.</u>, 853 F. Supp. 791, 800 (S.D.N.Y. 1994)(motion to strike denied as premature when filed before discovery completed); <u>Allstate Insurance Company v. Choi</u>, 2007 U.S. Dist. Lexis 249, * 28 (S.D.N.Y. January 2, 2007)(denying motion to strike affirmative defense until after completion of discovery)(opinion attached hereto).

In this case, the parties have not had an opportunity to exchange their Initial Disclosures pursuant to Fed. R. Civ.P. 26(a)(1). No written discovery has been propounded by either party, and the parties have not even submitted their proposed Scheduling Order with respect to the scope and duration of discovery in this case. Defendants submit that under these circumstances it would be grossly premature to strike any of Defendants' affirmative defenses and that the Court should deny Plaintiff's Motion on this basis.

**D. Defendants Have a Valid Basis for All of Their Affirmative Defenses**

Defendants asserted seven (7) affirmative defenses with respect to Plaintiff's claims. <u>See</u>, Defendants' Answer, Docket Entry No. 9, pp. 14-15. Plaintiff argues that Defendants have not

alleged enough facts so that he has not been put on fair notice with respect to Defendants' affirmative defenses. See, Plaintiff's Motion, p. 2. As to the bona fide error defense, Plaintiff simply states: "Defendants have failed to offer any facts to support this affirmative defense." See, Plaintiff's Motion, pp. 10-11. As noted above, Defendants are not required to state their affirmative defenses with elaborate factual detail. Defendants clearly and concisely stated their affirmative defenses and have put Plaintiff on fair notice with respect to each of their defenses. Moreover, Plaintiff will have every opportunity to conduct specific discovery with respect to each of Defendants' defenses. As noted by Magistrate Judge Hegarty, "…discovery is oftentimes needed to fully explore relevant defenses, as the grounds for certain defenses may rely on Plaintiff's own conduct." See, Michaud, at p. 3.

The FDCPA is generally considered a strict liability statute. Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996). However, when the FDCPA was enacted into law, Congress included as part of the statute an affirmative defense which completely shields debt collectors from liability for violating any provision of the Act. Specifically, 15 U.S.C. §1692k(c) states:

> A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

This affirmative defense is known as the bona fide error defense and it is an express exception to the strict liability imposed upon debt collectors who violate the FDCPA. Picht v. John R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001). Like all affirmative defenses, the bona fide error defense is not even considered until after a debt collector has been found to have violated the Act. Johnson v. Riddle, 305 F.3d 1107, 1121 (10th Cir. 2002). Once a violation has been established, a debt collector may avail itself of the bona fide error defense to insulate itself

against any liability associated with the violation. McCorriston v. L.W.T., Inc. --- F.Supp.2d ---, 2008 WL 516384 (M.D.Fla. Feb. 22, 2008); Johnson v. Riddle, 443 F.3d 723, 727(10th Cir. 2006); Jenkins v. Heintz, 124 F.3d 824 (7th Cir. 1997) *cert. denied* 523 U.S. 1022 (1998).

With respect to the bona fide error defense, Plaintiff states: "However, in order to plead bona fide error, a defendant must allege facts showing that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." See, Plaintiff's Motion, p. 10. "Review of the FDCPA's statutory language explaining the bona fide error defense would provide Plaintiff with the component elements of this defense, and Plaintiff, like other litigants, is free to explore the factual basis for this assertion through the discovery process."    See, Machaud, at p. 3-4. Plaintiff listed the statutory requirements of the bona fide error defense. Plaintiff is clearly on notice as to Defendants' affirmative defense.

Plaintiff's statements are inaccurate. Defendants have not had an opportunity to serve their Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1). In their disclosures, Defendant will identify its policies and procedures and training materials. Therefore, Plaintiff's statement that Defendants failed "to incorporate any statement as to the existence of the preventative procedures" is simply untrue. As the gravamen of Plaintiff's FDCPA allegation relates to whether he was improperly contacted through electronic mail, Defendant's policies and procedures and training relating to debt collection go to the very heart of its bona fide error defense.

Defendant further submits that the Court should reject Plaintiff's contention that Defendant was required to plead the bona fide error defense with "particularity" under Fed.R.Civ.P. 9(b). In support of this proposition, Plaintiff relies upon an unpublished decision

7

from another jurisdiction. In addition to not being binding upon this Court, the decision upon which Plaintiff relies, Konewko v. Dickler, 2008 U.S. Dist. Lexis 40685 (N.D. Ill. May 14, 2008) is unpersuasive in that the court in that case failed to appreciate that the bona fide error defense is a specifically enumerated statutory affirmative defense, rather than a generalized affirmative defense of "mistake," which would require pleading with particularity under Fed.R.Civ.P. 9. In this case, Defendant did cite to the specific statutory section upon which it was asserting its defense in its Answer. Rule 9(b) is inapplicable.

Plaintiff's argument is further disingenuous as the facts pled in his Complaint clearly reflect the one and only time Plaintiff and Defendants had any contact. Plaintiff has alleged one (1) electronic email communication from Defendants that included the day, time and person who contacted Plaintiff. See, Plaintiff's Complaint ¶¶84-86. It should be fairly obvious, if there was an error, what it was, when it occurred and by whom.

Like the bona fide error defense under the FDCPA, the FCRA provides a similar affirmative defense. Section 615 (c) states, "No person shall be held liable for any violation of this section if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of this section."

Defendants acknowledge that it made a typographical error in this affirmative defense by including the wrong name. It does not change the relevance or appropriateness of the affirmative defense and Defendants can seek leave to amend their Answer if so required.

Plaintiff's remaining arguments to this affirmative defense are meritless. Plaintiff cites no case law to support his position that section 615 (c) is not an affirmative defense and his litany of case law relating to liberal construction of the FCRA is completely irrelevant.

Plaintiff's assertion that Defendants' remaining affirmative defenses should also be denied. Again, Defendant has provided a short and concise statement as to what is being alleged to give Plaintiff ample notice. See, Home Design Servs. v. Starwood Constr., Inc., 801 F. Supp 2d 1111, 1120 (D. Colo. 2011)(affirmative defense of failure to state claim factually driven).

Whether Plaintiff failed to state a claim or suffered any damages will be address through discovery. Plaintiff cites to a number of cases identifying the FCRA and FDCPA as strict liability statutes. See, Plaintiff's Motion p. 17. However, in this case Plaintiff alleged actual damages. See, Plaintiff's Complaint. Plaintiff's alleged damages and his failure to mitigate those damages are relevant and should be explored through discovery. See, Whatley v. Crawford & Co., 15 Fed. Appx. 625 (affirmative defense of failure to mitigate asserted); see also, United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207 (defendant bears burden of proving affirmative defense of failure to mitigate).

It is highly irregular that Plaintiff would file a motion to strike after only reviewing Defendants' Answer, and prior to even receiving Defendants' Initial Disclosures. Defendants submit that it has sufficiently detailed the statutory defense of bona fide error and that no further description of its reliance on this defense is warranted at this early stage in the litigation.

### III. CONCLUSION

All of Defendant's affirmative defenses, including the affirmative defense of bona fide error set forth in 15 U.S.C. § 1692k(c), were asserted based upon the facts reasonably known to it at this time. Defendant clearly and concisely stated its affirmative defenses and has put Plaintiff on fair notice with respect to each of its defenses as required under Fed.R.Civ.P. 8. Plaintiff's attempt to strike Defendant's affirmative defenses is premature. Plaintiff will be provided every opportunity to explore the appropriateness of Defendant's affirmative defenses during the course of discovery. Accordingly, Plaintiff's Motion should be denied.

DATED this 11th day of May, 2012.

                                      Respectfully submitted,

                                      Adam L. Plotkin, P.C.

By:   /s/ Joseph J. Lico_____
       Joseph J. Lico, Esq.
       621 Seventeenth Avenue, Suite 1800
       Denver, Colorado 802933
       Telephone: (303) 302-6864
       FAX: (303) 302-6864
       jlico@alp-pc.com
       Attorneys for Defendant

### Certificate of Service

I hereby certify that on May 11, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., #23D
Denver, CO 80247

                                    By:   /s/ Joseph J. Lico_____
                                               Joseph J. Lico, Esq.