**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:12-cv-00684-WJM-MJW**

BRIAN DEMAESTRI,

Plaintiff,

v.

MACHOL & JOHANNES, LLC and
JACQUES A. MACHOL, III,

Defendants,

_____

**DEFENDANTS MACHOL & JOHANNES, LLC AND JACQUES A. MACHOL, III'S, MOTION TO DISMISS**
_____

COME NOW Machol and Johannes, LLC, ("Defendant M&J") and Jacques A. Machol III ("Defendant Machol"), (collectively the "Defendants"), by and through their counsel of record, and for their Motion to Dismiss ("Motion") pursuant to Fed.R.Civ.P. 12(b)(6), states as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1**

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned believes conferral with Plaintiff on a Motion to Dismiss would be pointless as Plaintiff does not believe this case should be dismissed. In addition, Defendants note this Motion is not based upon a correctable defect that could be cured by Plaintiff with the filing of an amended pleading.

**INTRODUCTION**

Plaintiff filed a Complaint in this matter on March 19, 2012. See, Docket No. 1. Plaintiff's Complaint alleges Defendants violated the Fair Credit reporting Act ("FCRA"), specifically, 15 U.S.C. §1681b(f) – Counts I – IV; the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. §§1692e(2); e(2)(A); e(8); e(10) and f – Count V; and

Invasion of Privacy by Intrusion – Count VI.  See, Plaintiff's Complaint, pgs. 16-21.  The violations are based on Defendants allegedly inquiring into Plaintiff's consumer report from Experian on May 21, 2010, December 10, 2010, and another unknown date.  See, Plaintiff's Complaint, pg. 6, ¶40.  In addition, Plaintiff alleges Defendants violated the FDCPA by discussing the judgment Defendants had against Plaintiff in an electronic mail.  See, Plaintiff's Complaint, pg. 13, ¶¶83-85.  Plaintiff has never disputed the financial obligation and believes Defendants inquired into his consumer credit report for an improper purpose and because of the improper purpose, used unfair and unconscionable means in an attempt to collect a debt.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, "[c]ourts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  See, Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

A plaintiff is required to make factual allegations and cannot simply rely on conclusory recitations of law.  See, Kan. Penn Gaming, LLC v. Collins, 2011 U.S. App. LEXIS 18187 (10th Cir. Kan September 1, 2011).  A plaintiff must make specific factual allegations to support each claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007).  A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face.  Id. at 570.

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft, 129 S. Ct. at

2

1949). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## ARGUMENT

**A.   Defendant Machol and Johannes's inquiries into Plaintiff's Credit History were for a Permissible Purpose**

Plaintiff asserts that Defendant is liable for the conduct alleged in his Complaint pursuant to Section 1681b(f) of the FCRA by obtaining Plaintiff's consumer report without a permissible purpose as defined by Section 1681b of the FCRA. To prove a FCRA violation, the plaintiff must show that the user had an impermissible purpose in obtaining the credit report. See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); see also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996). Conversely, a showing of a permissible purpose is a complete defense. See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996). The question of permissible purpose is a legal one and can be resolved on summary judgment. See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of the consumer.**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Courts have routinely held that collection of a debt is a permissible purpose for seeking a consumer's credit report. See, Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir.

3

2011); see also, Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997)(obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001)(holding that requesting a credit report "to review the collection of an account of a consumer" is authorized under the FCRA); Greenhouse v. TRW, Inc., 1998 U.S. Dist. LEXIS 1973 (E.D. La. Feb. 12, 1998)(FCRA authorizes a person to obtain a consumer report in connection with collection of a debt); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005)(holding that "[s]ection 1681b(a)(3)(A) is interpreted to allow access to a consumer report when that access would . . . facilitate the collection of pre-existing debt.").

Plaintiff's Complaint identifies an electronic mail sent by Defendants to Plaintiff on October 29, 2011. See, Complaint, ¶55. Plaintiff's Complaint reiterates that Defendants told Plaintiff that under 15 U.S.C. § 1681b(a)(3)(A) Defendants had a permissible purpose to access Plaintiff's credit report. See, Complaint, ¶56. Plaintiff also provides in his Complaint that all three (3) alleged inquiries were for review or collection of an account of Plaintiff under 15 U.S.C. 1681b(a)(3)(A). See, Complaint, ¶67. Plaintiff alleges that these inquiries into Plaintiff's credit history were done without a permissible purpose because the word "account" does not mean collection account. See, Complaint, ¶57. Plaintiff attempts to draw a comparison that "account" refers to banking terms and must therefore be a demand deposit, savings deposit or other asset account. Id. Plaintiff fails to provide any other reason to dispute that the pull of his credit report was for a permissible purpose.

Plaintiff made the same argument before this same Court in DeMaestri v. Asset Acceptance Capital Corp., 11-cv-01671-WJM-MJW. This Court went through a complete

analysis of Plaintiff's argument surrounding the term "account." This Court determined Plaintiff failed to provide any showing how the definition argued by Plaintiff for "account" could be associated with credits and debits. This Court concluded: "… plaintiff's argument and hence his claims to be baseless." See, Docket No. 47, p. 9. The Court's Recommendation was accepted by District Court Judge William Martinez, who determined that Magistrate Judge Watanabe's "analysis was thorough and sound". See, Docket No. 49, p.2.

In sum, even taking the factual allegation in Plaintiff's Complaint as true, Defendants did not knowingly, willfully, or negligently obtain Plaintiff's credit report for a purpose that is not sanctioned by the FCRA. Rather, Defendants obtained Plaintiff's credit report for a permissible purpose – i.e., for collection purposes. Accordingly, Plaintiff's FCRA claims (Counts I-IV) must be dismissed with prejudice.

### B.   Plaintiff's FDCPA Claims Against Defendants are also Ripe for Dismissal.

Plaintiff asserts multiple claims against Defendants under the FDCPA. Again, accepting Plaintiff's allegations in his Complaint as true, each of Plaintiff's FDCPA claims fail as a matter of law. The Plaintiff has the burden of proof to establish a violation of the FDCPA. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998). To establish a violation of the FDCPA, three (3) initial requirements must be satisfied: (i) the plaintiff who has been the target of collection activity must be a "consumer" as defined in 15 U.S.C. §1692a(3); (ii) the defendant collecting the debt must be a "debt collector" as defined in 15 U.S.C. §1692a(6); and (iii) the defendant must have engaged in any act or omission in violation of the FDCPA. Id.

Importantly, the FDCPA was enacted as a "shield" and not a "sword." See, Emanuel v. American Credit Exch., 870 F.2d 805, 808 (2nd Cir. 1989). In determining whether conduct violates the FDCPA, reference must be made to the purpose and intent of the FDCPA's statutory

scheme. See, Morse v. Dun & Bradstreet, Inc., 87 F. Supp. 2d 901, 903-04 (D. Minn. 2000). Where a debt collector's conduct "in no way exemplifies the abusive behavior or false or misleading practice that Congress had in mind when it enacted the FDCPA," then there is no violation. Id. at 904.

1. **Plaintiff's Claim Under 15 U.S.C. §§ 1692e, e(2), e(2)(A), e(8), e(10) and § 1692f Fail As A Matter Of Law.**

First, Plaintiff asserts a claim against Defendants for violating Sections 1692e preface and 1692e(10) of the FDCPA, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

Second, Plaintiff asserts a claim against Defendants for violating Section 1692f, preface, of the FDCPA, which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f preface.

Plaintiff asserts additional claims against Defendants for violating Sections 1692e(2), e(2)(A), and e(8) of the FDCPA, which provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt.

6

15 U.S.C. § 1692e(2)(A).

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

Plaintiff, however, fails to allege facts sufficient to state a claim under these sections and, accordingly, these claims must be dismissed.

Plaintiff has failed to provide any facts in his Complaint to show how Defendants used any false representation or deceptive means in trying to collect a debt. "False may be defined as 'intentionally untrue … adjusted or made so as to deceive … intended or tending to mislead.' See, Webster's Ninth New Collegiate Dictionary 447 (1987). Something is deceptive if it tends or has the power to 'give a false impression.'" Id. at 329. "And, something is misleading if it 'lead[s] in a wrong direction or into a mistaken action or belief often by deliberate deceit.' Id. at 759." See, Clark, at 1174, FN 10, (9th Cir. 2006)(quoting Webster's Ninth Collegiate Dictionary).

Plaintiff also fails to plead any facts to show how Defendants acted in an unconscionable or unfair manner. "Courts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." See, Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

Plaintiff never identifies what Defendants state that was false or misleading and what credit information was communicated that was false. A plaintiff is required to make factual allegations and cannot simply rely on conclusory recitations of law. See, Kan. Penn Gaming, LLC v. Collins, 2011 U.S. App. LEXIS 18187 (10th Cir. Kan September 1, 2011). A plaintiff must make specific factual allegations to support each claim. Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555(2007). A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face. <u>Id</u>. at 570.

Here, Plaintiff asserts that Defendants responded to an email he sent. <u>See</u>, Complaint, ¶¶83-85. Plaintiff admits to contacting Defendants and providing his email address. <u>See</u>, Complaint, ¶83. Plaintiff admits to receiving an email from Defendants in response to Plaintiff's email sent days before. <u>See</u>, Complaint, ¶84. Plaintiff alleges Defendants email contained two subjects that violate the FDCPA. First, Defendants' email referenced it was a debt collector and contained the "mini-Miranda." <u>Id.</u> Next, Defendants' email asked Plaintiff what he was willing to pay to settle the referenced Judgment. <u>See</u>, Complaint, ¶85. Plaintiff fails to identify anything contained in the email that is allegedly false, deceptive or misleading. Accordingly, Plaintiff's claim under Section 1692e(10) fails as a matter of law must be dismissed.

Similarly, Plaintiff has alleged no facts to show that Defendants used unfair or unconscionable means in an attempt to collect a debt. As stated above, the alleged conduct committed by Defendants was that they responded to Plaintiff's email. <u>See</u>, Complaint ¶¶83-85. No other facts are presented by Plaintiff. <u>See</u>, <u>Allen v. LaSalle Bank</u>, 629 F.3d 364, 368 (3rd Cir. 2011)(unfair or unconscionable if collecting an unauthorized debt). Plaintiff provides no facts identifying any wrongdoing with the underlying debt.

Plaintiff also fails to allege what Defendants represented about the debt that was false or misleading. Plaintiff never disputed the debt. Defendants merely responded to Plaintiff's email and asked how Plaintiff wished to settle the Judgment. Plaintiff never refutes the Judgment, never pleads the amount was incorrect, never discusses the Judgment at all. Plaintiff's entire set of allegations center on Defendants responding to an email, not on the terms of the debt.

Finally, Plaintiff provides no information as to what credit information was provided by

Defendants. Plaintiff makes no allegations that Defendants communicated any credit information, much less false credit information. As stated numerous times, Plaintiff's only allegations under the FDCPA surround one (1) email Defendants sent in response to an email from Plaintiff. No credit information was relayed to anyone and Plaintiff provides no facts to support this blind allegation.

As pled, Plaintiff has failed to state a plausible claim for relief. This pleading requirement serves two purposes: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" See, Pace v. Swerdlow, 519 F.3d 1067, 1076 (10th Cir. 2008).

The only facts pled by Plaintiff in his Complaint, when taken as true for the purpose of this Motion to Dismiss, merely accuse Defendants of sending an email to Plaintiff.

**C.   Plaintiff's Invasion of Privacy Claims Against Defendants Must Also be Dismissed.**

In Colorado, "invasion of privacy" encompasses three separate torts: (1) unreasonable intrusion upon the seclusion of another ("seclusion"); (2) unreasonable publicity given to another's private life ("disclosure"); and (3) appropriation of another's name or likeness ("appropriation"). Denver Publishing Co. v. Bueno, 54 P.3d 893, 897 (Colo.2002). See, Pearson v. Kancilia, 70 P.3d 594, 598-99. The elements of the tort require showing of: an intentional invasion; which would be very offensive to a reasonable person and which resulted in injuries or damages. See, Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753, 755 (1970).

Plaintiff has pled no facts and alleged no actions committed by Defendants that substantiate any of the requirements. Defendants' actions of looking at Plaintiff's credit report to collect an account and responding to an email from Plaintiff can be considered an unreasonable

and intentional intrusion. In addition, none of Defendants' actions can be considered very offensive to a reasonable person, and Plaintiff has shown no injuries or damages as a result. Plaintiff's claim for Invasion of Privacy should be dismissed with prejudice.

## CONCLUSION AND RELIEF REQUESTED

For all of the above reasons, Defendants respectfully requests that this court dismiss Plaintiff's Complaint with prejudice.

DATED this 14th day of June, 2012.

          Respectfully submitted,
          Adam L. Plotkin, P.C.

          /s/ Joseph J. Lico
By: _____
          Joseph J. Lico, Esq.
          621 Seventeenth Avenue, Suite 1800
          Denver, Colorado 802933
          Telephone: (303) 302-6864
          FAX: (303) 302-6864
          jlico@alp-pc.com
          Attorneys for Defendants

## Certificate of Service

I hereby certify that on June 14, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

          By:   /s/ Joseph J. Lico_____
                Joseph J. Lico, Esq.