# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:12-cv-00684-WJM-MJW**

BRIAN DEMAESTRI,

Plaintiff,

v.

MACHOL & JOHANNES, LLC and
JACQUES A. MACHOL, III,

Defendants,

---

## DEFENDANTS MACHOL & JOHANNES, LLC AND JACQUES A. MACHOL, III'S, REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

---

COME NOW Machol and Johannes, LLC, ("Defendant M&J") and Jacques A. Machol III ("Defendant Machol"), (collectively the "Defendants"), by and through their counsel of record, and for their Reply in Support of Their Motion to Dismiss ("Motion") pursuant to Fed.R.Civ.P. 12(b)(6), state as follows:

## ARGUMENT

**A.    Permissible Purpose**

Plaintiff alleges he has pled sufficient facts to show Defendants obtained Plaintiff's consumer report without a permissible purpose.  See, Plaintiff's Brief in Responce [sic] to Defendant's [sic] Motion to Dismiss ("Response"), p. 4.   Plaintiff's Complaint identifies an email communication between himself and Defendant Machol in which Plaintiff is informed Defendant Machol & Johannes had obtained a judgment against Plaintiff and collection of that account was the purpose of reviewing Plaintiff's consumer report.  See, Complaint, ¶¶ 56, 58, 67 and 71.  Plaintiff never objected to Defendants' assertion that they had obtained a judgment

against Plaintiff and were seeking to collect that judgment which was the permissible purpose. Plaintiff argued, as he has done unsuccessfully before this Court, that the consumer account used by Defendants was not the type of "account" contemplated by the FCRA.  See, Complaint, ¶¶ 57, 58, 69 and 70.

Plaintiff provides no other reason to dispute that the pull of his credit report was for a permissible purpose.  Plaintiff has never alleged nor disputed that Defendants did not have a legal and binding judgment against him.  A plaintiff must make specific factual allegations to support each claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007).  A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face.  Id. at 570.

Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of the consumer.**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Defendants provided this Court with multiple cases that have held that collection of a debt is a permissible purpose for seeking a consumer's credit report.  See, Defendants' Motion to Dismiss, pp. 3-4.  Plaintiff takes exception to the cases cited arguing that some cases were decided before the Fair and Accurate Credit Transactions Act Amendment of 2003 ("FACTA") and others do not specifically state "collection of a debt".  See, Response, pp.4-8.

Plaintiff's argument that any case decided before FACTA is without merit.  FACTA established the ability for consumers to obtain a free credit report once every twelve (12) months

from the three nationwide consumer reporting agencies. FACTA also established the Red Flags Rule to aid in the reduction of identity theft, and procedures to assist those victimized by identity theft. FACTA never addressed reviewing a consumer credit report and permissible purpose. Any case decided before the amendment in 2003 is sound and Plaintiff's argument to the contrary should be dismissed.

Similarly, Plaintiff's assertion that the term "collection of debt" must be used is equally misapplied. Plaintiff alleges that Huertas v. Galaxy Asset Management, 641 F.3d 28 (3rd Cir. 2011) is inapplicable because the consumer "sought credit from creditor, which he received" and Plaintiff never sought credit from Defendants. See, Response, p. 6. Plaintiff misunderstands the ruling and fails to include the quote in context. "Huertas sought credit from ACB, which he received, and accumulated credit card debt. It was that consumer transaction which ultimately resulted in AMP's accessing of Huertas's credit report to collect on his delinquent accounts. Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances." Huertas, 641 F.3d at 34. The plaintiff's consumer credit report was used by the collection company for the collection of a delinquent account. The facts are identical in that Defendants in this case used a consumer credit report in collection of an account.

In addition, as explained in Defendants' Motion, this Court has already heard Plaintiff's argument regarding permissible purpose and rejected it. See, DeMaestri v. Asset Acceptance Capital Corp., 11-cv-1671-WJM-MJW.

> "Furthermore, as asserted by the defendant, collection of a debt has been
>
> consistently found to be a permissible purpose for seeking a consumer's
>
> credit report under §1681b(3)(A), and this court finds likewise.

Id., p. 8.

All the cases cited in Defendants' Motion are on point and demonstrate that collection of an account is a permissible purpose to review a consumer's credit report.

**1.   Account**

Plaintiff argues that the term "account" as used in 15 U.S.C. § 1681b(a)(3)(A) pertains to the banking industry and the a collection account does not fall within the definition.  See, Response, pp. 7-12.   As stated above, Plaintiff made the same argument to this Court in DeMaestri v. Asset Acceptance Capital Corp., 11-cv-1671-WJM-MJW.  This Court specifically rejected Plaintiff's argument that the term "account" only applied to bank accounts.

Plaintiff argues that pursuant to Miller v. Trans Union, LLC, 2007 U.S. Dist. 14315 (N.D. Ill. 2007) and Pintos v. Pacific Creditors Ass'n, 504 F.3d 792 (9th Cir. 2007) the terms creditor and creditor refer to terms in the context of banking and not debt collection.  See, Response, pp. 11-12.  Plaintiff fails to address that the facts as pled in Plaintiff's Complaint further demonstrate how this account falls into the exact definition Plaintiff argues.

Plaintiff's Complaint specifically states that Defendant identified itself as a debt collector, informed Plaintiff it was seeking to collect a debt and referenced a Judgment it had against Plaintiff.  See, Complaint, ¶¶ 83-85.

Plaintiff further alleges Defendants were attempting to collect a debt and that the debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family or household purposes.  See, Complaint, ¶¶ 16, 18, 25 and 27.

Plaintiff also confirms that the Defendants obtained and or used Plaintiff's consumer reports from Experian with the intent to collect a debt.  See, Complaint, ¶¶ 15, 24, and 46.

The allegations as pled by Plaintiff taken as true establish that Defendants were seeking to collect a debt from Plaintiff for a Judgment they obtained.  See, Miller v. Rubin & Rothman,

LLC, 2011 U.S. Dist. LEXIS 106246 (D. Minn. Sept. 19, 2011)(Permissible purpose for debt collector to pull consumer report when it believed the information would aid in its debt collection efforts); Ingram v. Green & Cooper, Attys. L.L.P., 2012 U.S. Dist. LEXIS 71163 fn 9 (N.D. Ga. Apr. 20, 2012)(complaint acknowledges that the information was transferred for purposes of debt collection which is a permissible purpose).

**B.      Plaintiff's FDCPA Claims.**

Plaintiff asserts multiple claims against Defendants under the FDCPA.  Again, accepting Plaintiff's allegations in his Complaint as true, each of Plaintiff's FDCPA claims fail as a matter of law.  The Plaintiff has the burden of proof to establish a violation of the FDCPA. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998).

Plaintiff has failed to provide any facts in his Complaint to show how Defendants used any false representation or deceptive means in trying to collect a debt.  Plaintiff argues that because Defendants contacted him via electronic mail, Defendants gave him "the false impression they were contacting Plaintiff to arrange a settlement… ."  See, Response, p. 13.  Plaintiff provides no case law to support his argument and merely relies on a conclusory statement that the conduct equated to false, deceptive or misleading representation and unfair or unconscionable means to collect a debt.  Id.

Plaintiff's Complaint does not allege Defendants disclosed any information about the debt.  Plaintiff's Complaint does not allege the amount or the status was discussed.  Plaintiff's only fact pled was that Defendant responded to an email initiated by Plaintiff.  See, Complaint, ¶¶ 55 and 56.   Plaintiff includes two (2) statements made by Defendants in the email communication.  See, Complaint, ¶¶ 84- 86.   Plaintiff never identifies what was said by Defendants that was false, deceptive or misleading.  Likewise, Plaintiff never identifies what

Defendants did that was unfair or unconscionable.   According to Plaintiff's Complaint, Defendant's responded to his email and asked what amount he would be willing to pay to satisfy the referenced Judgment.

"Courts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  See, Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

The only facts pled by Plaintiff in his Complaint, when taken as true for the purpose of this Motion to Dismiss, merely accuse Defendants of sending an email to Plaintiff.  Plaintiff fails to identify any action taken by Defendants that can be construed as false, deceptive, misleading, unfair or unconscionable.

**C.      Plaintiff's Invasion of Privacy Claims Against Defendants Must Also be Dismissed.**

In Defendants' Motion, Defendants identified what needs to be proven in order to sustain a cause of action under Invasion of Privacy.  See, Denver Publishing Co. v. Bueno, 54 P.3d 893, 897 (Colo.2002). See also, Pearson v. Kancilia, 70 P.3d 594, 598-99; Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753, 755 (1970).

Plaintiff pled no facts and alleged no actions committed by Defendants that substantiate any of the requirements.  In addition, Plaintiff fails to address any of the factors identified in Defendants' Motion and provides no case law in opposition.  Plaintiff appears to rely on a typographical error made by Defendants in their Motion.  Defendants' use of the word "can" instead of "cannot" was obvious and Plaintiff's attempt to use it as support for allegations is pure fodder.  Defendants' actions cannot be considered offensive to a reasonable person, and Plaintiff has shown no injuries or damages as a result.  Plaintiff's claim for Invasion of Privacy should be dismissed with prejudice.

## CONCLUSION AND RELIEF REQUESTED

For all of the above reasons, Defendants respectfully requests that this court dismiss Plaintiff's Complaint with prejudice.

DATED this 16th day of July, 2012.

<div style="margin-left: 50%;">

Respectfully submitted,

Adam L. Plotkin, P.C.

/s/ Joseph J. Lico

By: _____

Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 302-6864
FAX: (303) 302-6864
jlico@alp-pc.com
Attorneys for Defendants

</div>

## Certificate of Service

I hereby certify that on July 16, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

<div style="margin-left: 50%;">

By:     /s/ Joseph J. Lico_____
        Joseph J. Lico, Esq.

</div>